Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STUART A. KIRSHENBAUM, | )<br>) |
| Plaintiff | )<br>) |
| v. | ) Case No.:<br>) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL** |
| Defendant | )<br>) **(Unlawful Debt Collection Practices)** |

### COMPLAINT

STUART A. KIRSHENBAUM ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

PLAINTIFF'S COMPLAINT

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

 3. Defendant conducts business in the State of New Jersey and therefore, personal jurisdiction is established.

 4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

 5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

 6. Plaintiff is a natural person residing in Freehold, New Jersey.

 7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

 8. Defendant is a national debt collection company with corporate headquarters located at 8875 Aero Drive, Suite 200, Suite 250, in San Diego, California, 92123.

 9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

 10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

 11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

- 2 -

PLAINTIFF'S COMPLAINT

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. On May of 2008 and continuing in May of 2010, Defendant and its employees engaged in debt collection activities seeking payment from Plaintiff on an account settled nine (9) years ago to the original creditor.

18. In or around May of 2008, Defendant sent Plaintiff correspondence indicating that it had purchased a "Household Finance" account attributed to Plaintiff and demanding $9,219.00 in payment.

19. In or around July of 2008, Defendant sent Plaintiff a second correspondence seeking and demanding payment in the amount of $9,360.00 for the same "Household Finance" account.

20. On or around September 29, 2008, Plaintiff sent correspondence to Defendant's legal counsel disputing the alleged debt and seeking validation of the alleged debt.

21. Plaintiff never received a response from Defendant's legal counsel.

22. On or around October 5, 2008, Plaintiff sent a certified letter to Defendant directly, asking for validation of the alleged debt.

23. On or around November 17, 2008, Plaintiff sent a second certified letter to Defendant, again asking for validation of the alleged debt.

24. Defendant never responded to either of Plaintiff's debt validation letters.

25. On March 4, 2009, Plaintiff's prior counsel sent a third certified letter to Defendant, again requesting validation of Plaintiff's alleged debt. A true and correct copy of the

March 4, 2009 letter is attached hereto as Exhibit "A".

26. Again, Defendant did not respond.

27. In 2010, Plaintiff made one last request of debt validation from Defendant.

28. On or around May 11, 2010, Defendant sent a letter to Plaintiff requesting immediate payment of the balance in full. A true and correct copy of the May 11, 2010 letter is attached hereto as Exhibit "B".

29. Included with Defendant's May 11, 2010, letter where a "Revolving Loan Voucher" and "personal Credit Line Account Agreement" both dated March 26, 2001. See Exhibit B.

30. Defendant's document production was non-responsive to the validation request.

31. The statute of limitations for collection of the alleged debt Defendant pursued, had long since expired. *See N.J.S. Title 2a, Ch. 14 § 14-1*. The statute of limitations for open credit accounts in the State of New Jersey is six (6) years.

32. Defendant's failed to disclose to Plaintiff that the expiration of the applicable statute of limitations limits judicial remedies available to enforce the alleged subject debt.

33. In addition, Defendant, through correspondence, seeks a waiver of legal rights related to the alleged subject debt without disclosing the nature and consequences of such waiver, and without informing Plaintiff that he is not legally obligated to make such a waiver.

34. Defendant solicited new terms by contract whereby a simple acknowledgement, promise, or certain payment is insufficient to create the contract sought by Defendant.

35. The contract solicited by Defendant if accepted by Plaintiff would have extinguished any then-existing defenses such as the expiration of the 6-year statute of limitations, which Plaintiff may possess in regard to the subject debt.

36. The least sophisticated consumer does not possess the knowledge or understanding that acceptance of Defendant's demand waives any right to assert a defense to the

subject debt based upon applicable statutes of limitations and further, extends Defendant's right to enforce its right to payment that was otherwise non-existent.

37. Defendant's separate efforts to obtain from Plaintiff a waiver of legal rights without disclosing the nature and consequences of such a waiver, and without informing Plaintiff that he is not legally obligated to make such a waiver, constitutes unfair or unconscionable means to collect or attempt to collect the alleged subject debt in violation of 15 U.S.C. § 1692f.

38. Plaintiff never contracted with any company by the name of "Midland Credit Management" or agreed to any obligation with "Midland Credit Management".

39. Plaintiff at all times has disputed owing this debt.

40. Despite not providing validation of the alleged debt, Defendant continued its collection efforts.

41. Defendant has listed this debt on Plaintiff's credit report, harming Plaintiff's credit rating. A true and correct copy of Plaintiff's Equifax Report is attached hereto as Exhibit "C".

## CONSTRUCTION OF APPLICABLE LAW

42. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

43. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The

remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

44.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated of the FDCPA generally;

   b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

   c. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a

debt;

d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of the alleged debt;

e. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

f. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

g. Defendant violated § 1692f(1) of the FDCPA by adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

h. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, STUART A. KIRSHENBAUM, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STUART A. KIRSHENBAUM, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: 2-25-11          KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID # AB 0891
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT